| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-cr-139 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| DENNIS MAYORQUIN-ROMERO, | : | |
| | : | |
| Defendant. | : | |

---

### ENTRY AND ORDER GRANTING MOTION IN LIMINE RE "DURESS"/ "NECESSITY" (DOC. 34)

---

This case is before the Court on the Motion in Limine re "Duress"/"Necessity" (Doc. 34) filed by Plaintiff United States of America. The United States moves for an order precluding Defendant Dennis Mayorquin-Romero from introducing evidence at trial concerning the economic and social conditions in Honduras, his native country. Defendant opposes the Motion in Limine. On March 13, 2019, the Court held a hearing on the Motion in Limine, at which the parties presented oral argument and Defendant testified regarding the circumstances that caused him to flee from Honduras to the United States.

Defendant is charged with violating 8 U.S.C. § 1326 based on allegations that he is an alien who was removed from the United States, whose removal was subsequent to a felony conviction, and thereafter found in the United States, without having obtained express consent from the Secretary of Homeland Security to reapply for admission to the United States. The conditions in Honduras are not relevant to the elements of the charged offense.

The parties agree that the issue before the Court is whether Defendant can present sufficient evidence at trial to state a prima facie case for an affirmative defense of duress or necessity. At the hearing, Defendant elected to testify, in lieu of a proffer of evidence through his attorney, as to the facts supporting his assertion of that affirmative defense.

To establish a prima facie case of duress or necessity, a defendant must present "some evidence" supporting each of the following elements:

(1) that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

(2) that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

(3) that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;

(4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; [and]

(5) that defendant did not maintain the illegal conduct any longer than absolutely necessary.

*United States v. Capozzi*, 723 F.3d 720, 725–26 (6th Cir. 2013) (quoting *United States v. Shemami*, 425 Fed. Appx. 425, 427 (6th Cir. 2011)) (internal quotes omitted).   A prima facie case is

Where "an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense."   *United States v. Bailey*, 444 U.S. 394, 415 (1980).   Whether the issue is raised pre-trial, as here, or at trial, "where the evidence is insufficient as a matter of law to support a duress defense," the presiding judge should exclude that evidence.   *United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (citing *United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir.1984) and *United States v. Villegas*, 899 F.2d 1324, 1343 (2d Cir. 1990)).   Whether a defendant has established a prima facie case of duress is a question of law.   *Johnson*, 416 F.3d at 468.

The following facts are taken from Defendant's testimony at the hearing on the Motion in

Limine.[1]    Defendant is a Honduras citizen, not a citizen of the United States.    He fled Honduras because the international criminal gang called MS-13 threatened to kill him and his family. According to Defendant, MS-13 targeted him and his nephew because they each have a tattoo that resembles a tattoo used by a rival gang.    Defendant's tattoo, which is on his upper left arm near the shoulder, also contains his mother's name.    Defendant claims he is not a member of a gang, but MS-13 members nonetheless recognize his tattoo as indicating his membership in the rival gang.    Defendant wanted to have his tattoo removed in the United States.    He did not attempt to have it removed or have it covered with a different design while in Honduras.

Defendant testified he was unable to attend his mother's funeral, who died of a stroke, because he was being pursued by MS-13.    He further testified that, before fleeing, MS-13 gang members with machetes went to his house searching for him.    Defendant fled Honduras by taking a bus through Guatemala and Mexico to the United States.    Defendant chose to stay in the United States, rather than Guatemala or Mexico, because he felt the United States had the least amount of gang affiliations and was therefore safer.

On cross-examination, Defendant acknowledged that his bus to the United States occasionally stopped for restroom and meal breaks.    The gang members who threatened Defendant were not around when he disembarked from the bus for these breaks in Guatemala and Mexico.

Defendant was in the United States illegally for approximately three months before his arrest.    During that time, he did not seek asylum in the United States.    He testified that he did not leave the house where he was staying during this time because he was grieving the loss of his mother.    Since Defendant's arrest, he also has not sought asylum in the United States.    Defendant

---

[1] The Court does not weigh Defendant's credibility when determining whether he can make a prima facie case. The Sixth Circuit has advised that the burden on a defendant seeking an instruction on an affirmative defense "is not a heavy one and is met even when the supporting evidence is weak or of doubtful credibility."    *Johnson*, 416 F.3d at 467 (internal quotations and citations omitted).

claims that he told the agent who arrested him that he was fleeing from threats to his life in Honduras. In the documentation for his arrest, however, Defendant did not indicate that he feared torture or persecution if removed from the United States.

Defendant and his nephew were together when they were arrested for illegally entering the United States. His nephew has already been deported to Honduras. Defendant testified that, upon arrival in Honduras, his nephew was shot by gang members.

Defendant's testimony is deficient as a matter of law as to the third and fifth elements of a prima facie case. The third element requires a showing that Defendant had no reasonable, legal alternative to illegally entering the United States. Defendant testimony establishes just the opposite, that he had other reasonable, legal alternatives. Defendant testified that he felt safer in the United States than in Guatemala and Mexico, but he did not identify any imminent and impending threat to his safety in those countries. He traveled through those countries without incident. In addition, fully crediting Defendant's testimony, the threat to his safety stemmed from his tattoo, not his membership in any gang. Based on the placement of Defendant's tattoo, which he displayed in Court, it would have been possible to keep his tattoo hidden indefinitely in Guatemala or Mexico, thus eliminating the risk of misinterpretation by MS-13 or another gang until he could have it removed or altered.

Defendant also had an opportunity to seek asylum in the United States before illegally entering the country. He testified that he was in Reynosa, Mexico for approximately eight months before his most recent entry into the United States. During that time, Defendant could have applied for admission based on the threat to this life in Honduras, but he did not do so.

The fifth element of the prima facie case requires Defendant to present evidence that he did not maintain the illegal conduct any longer than "absolutely necessary." *Capozzi*, 723 F.3d at 725. Defendant was in the United States for three months before his arrest. He did not seek asylum during those three months. His explanation that he was grieving his mother's passing

cannot be reasonably construed to meet the definition of "absolutely necessary." Defendant did not testify that there was any immediate threat to his safety once he was inside the United States.

For the above reasons, the evidence presented by Defendant at today's hearing is insufficient as a matter of law to support an affirmative defense of duress or necessity. The Court therefore **GRANTS** the United States' Motion in Limine (Doc. 34). Defendant is barred from introducing evidence at trial (through his own testimony, the testimony of others, exhibits, cross-examination, and/or argument) regarding the economic, social and other conditions in Honduras that caused him to flee to the United States.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 13, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE